# CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS

---

MISSOURI PACIFIC RAILROAD COMPANY *v.* CONWAY COUNTY BRIDGE DISTRICT.

## Opinion delivered January 26, 1920.

1. JUDGMENT—RES JUDICATA.—The finding on appeal as to what was determined by the court below is conclusive in a subsequent suit in which *res judicata* is pleaded.

2. JUDGMENT—CONCLUSIVENESS.—Where, on appeal from a bridge district's assessment, the method of assessing the property was discussed and approved, it was not open to inquiry in a subsequent suit.

3. JUDGMENT—CONCLUSIVENESS.—Where, on appeal from a bridge district's assessment of the appellant's property the court expressly held that the assessors had not adopted an arbitrary method of assessment, the appellant can not litigate the same question in a subsequent suit.

4. BRIDGES—INCLUSION OF TELEGRAPH, ETC., LINES IN DISTRICT.—The Legislature may properly include, in an improvement district created to construct a bridge, telegraph, telephone, power and pipe lines, as provided by Acts 1917, page 318, section 7.

5. JUDGMENT—CONCLUSIVENESS.—The validity of a statute providing that the assessment of railroads, telegraph and telephone lines for the construction of a public bridge should be by the mile, and not by the acre, not being involved in an appeal from an assessment made in the manner provided, was open to adjudication in a subsequent suit to enjoin the assessment.

6. BRIDGES — ASSESSMENT OF BENEFITS — FRANCHISE OF RAILROAD.— The franchise of a railroad is an element of value to be considered in assessing its real estate within a bridge improvement district.

Appeal from Conway Chancery Court; *Jordan Sellers,* Chancellor; affirmed.

STATEMENT OF FACTS.

The Missouri Pacific Railroad Company brought this suit in equity against J. M. Gordon, as sheriff of Conway County and the Conway County Bridge District to enjoin them from taking any further steps towards enforcing local assessments upon the property of the company for the purpose of erecting a bridge across the Arkansas River within the limits of the proposed district.

The validity of the act is attacked in the bill, and it is also alleged that the assessment was unlawful and void for the various reasons which will be stated in the opinion.

The defendants in their answer asserted the validity of the statute and entered a plea of *res adjudicata.* The facts upon which the defendants rely to sustain their plea of *res adjudicata* are substantially as follows:

The Legislature of 1917 passed a special act forming all of Conway County into an improvement district for the purpose of building a highway bridge at a point to be selected by the commissioners of the district. Acts of 1917, vol. 1, p. 314. The line of railroad of the plaintiff lies north of the Arkansas River and runs parallel with the river east and west through the county. Pursuant to the terms of the act the commissioners organized the district and appointed assessors to assess benefits on the real property within the district, including the right-of-way of the railroad company. The assessors divided the district into five beneficial zones, and assessed the property in each zone at a different percentage, according to its proximity to the bridge. The assessments of benefits to the property of the railroad company was placed at $68,975.

Section 7 of the act provides that any property owner who deems himself aggrieved by the action of the board of assessors may take an appeal from the action of the assessors to the board of commissioners within thirty days.

It also provides that the commissioners shall hear all appeals and determine the same. The section further provides that the property owner may appeal from the findings of the commissioners to the circuit court within sixty days by filing his complaint in the circuit court setting up the facts and serving notice upon the chairman of the commissioners and that such complaint shall be heard and determined as any action at law.

The railroad company, deeming itself aggrieved by the assessment of benefits, first appealed from the board of assessors to the commissioners and then from the commissioners to the circuit court. In the circuit court a complaint was filed as required by the statute, and in the complaint the constitutionality of the statute was attacked on several grounds. The complaint also alleged that the action of the board of assessors amounted to a confiscation of the property of the railroad company; that its action in assessing the benefits on the property of the railroad company was arbitrary; that the amount assessed was much greater than the benefits that would be derived from the erection of the bridge, and that the assessment of benefits was unreasonably high.

The district interposed a special demurrer to the complaint in the circuit court, which was sustained in part, and testimony was taken and heard by the court on the remaining issues. The judgment of the circuit court is full and complete and shows the action of the court. It is as follows:

"Now, on this day, a regular day of the Conway County Circuit Court, comes on this cause for consideration and comes the plaintiff, Missouri Pacific Railroad Company, by T. B. Pryor and W. P. Strait, its attorneys, and comes the Conway County Bridge District, J. J. Scroggin and and other defendants, by Sellers & Sellers, their attorneys, and this cause is submitted to the court upon the complaint of the plaintiff, the demurrer of the defendants and oral testimony before the court, and the court, being well and sufficiently advised, doth find, that, acting under the provisions of the

act of the General Assembly of the State of Arkansas creating the Conway County Bridge District, the assessors of said district assessed against the plaintiff railroad company's line of railroad through Conway County, in accordance with the law creating the said district, as benefits the sum of approximately $88,000; that the plaintiff filed exceptions to such assessment before the board of assessors for the district, and said exceptions were by said board of assessors overruled, and the assessment left as first made; that thereafter within the time allowed by act the plaintiff appealed from the action of the board of assessors of said district to the board of commissioners, as provided in the act, and that upon a hearing before said board of commissioners the said assessment against the said plaintiff said property was reduced to the sum of $68,975 as the amount of benefits to the said plaintiff railroad company's said property. That subsequent to such hearing and within the time allowed by said act the plaintiff filed in this court its complaint alleging, among other things, that the said railroad company was not and could not be benefited by the construction of the bridge contemplated in said act, and that, if said plaintiff and its property was benefited at all, said benefit as fixed by the board of assessors of board of commissioners was in excess of the amount of benefits which would actually be received.

"That the defendant filed a demurrer to said petition to all parts thereof except upon the issue that the said property of the said plaintiff would not be benefited by the improvement and that the benefits as assessed were in excess of the true benefits, and upon consideration of the demurrer the court sustained the same and held that the plaintiff was only entitled to have heard the question as to whether or not the property of the plaintiff as assessed was benefited at all, and, if so, the extent of such benefits.

"The defendant thereupon filed a second demurrer to the complaint upon the grounds that no facts were alleged upon which to base the conclusion set out and that the

complaint after being amended was insufficient to constitute a cause of action.

"Upon consideration the second demurrer was overruled by the court. Upon consideration of the testimony the court finds that the said plaintiff's property, being its line of railroad through Conway County, will be benefited by the construction of the said bridge contemplated in said action and that the amount of benefits in the sum of $68,975 is not and will not be excessive.

"Wherefore, it is by the court considered, ordered and adjudged that plaintiff's complaint be and the same is hereby dismissed; that the acts of the board of assessors and board of commissioners in fixing the benefits against the property of plaintiff in the sum above mentioned be and they are hereby confirmed and the amount of benefits accruing to and which will accrue to the property of plaintiff as set out in the complaint by reason of the construction of the improvement is fixed at the sum of $68,975." Other facts will be stated in the opinion.

The decree of the chancellor recites that a demurrer was sustained to that portion of the complaint which seeks to raise the question of the justness or equality of the assessment of benefits against the property of the railroad company and that the plea of *res adjudicata* filed by the defendants is sustained.

The plaintiff has appealed.

*Thos. B. Pryor* and *W. P. Strait,* for appellant.

1. The complaint stated a good cause of action, and appellant was entitled to the relief prayed, and it was error to sustain the demurrer and the plea of *res judicata.* Const., art. 16, § 9; 32 Ark. 676; 36 *Id.* 281; 37 *Id.* 649; 30 *Id.* 101. Injunction against illegal taxes is the proper remedy. 46 *Id.* 471. Railroads are not assessed like other real estate for general taxation, but higher, and this results in the assessment of benefits higher in proportion than other real property and denies them the equal protection of the law as to uniformity. 62 Ark. 461; 127 *Id.* 347; 92 *Id.* 492; 86 *Id.* 1. The assessment

was arbitrary and void.  55 N. Y. 604; 48 L. R. A. 851; 86 N. Y. S. 597; 42 *Id.* 87.

2.  Legislatures can not arbitarily exercise powers affecting property rights, assessments or taxation, and these matters are open to judicial investigation and their methods are open to periodical investigation and determination.  42 Ark. 87; 98 *Id.* 116; 83 *Id.* 344; 81 *Id.* 562; 83 *Id.* 54; 87 *Id.* 322; 172 U. S. 269; 181 *Id.* 324; *Ib.* 396; McGehee on Due Process of Law, 248; 85 Ark. 12; 98 *Id.* 117.

No objection was made that the facts alleged were not sufficiently pleaded nor could this be raised by demurrer, but only by motion to make more definite. 83 Ark. 54; 77 *Id.* 29; 27 *Id.* 34; 96 *Id.* 163.  Every fair and reasonable intendment must be indulged to support a pleading.   101 Ark. 35; 96 *Id.* 963.   If the pleading is vague, inadequate or uncertain, the remedy is by motion to make more definite. 91 Ark. 400; 87 *Id.* 136; 98 *Id.* 136.

The valuation in assessment of benefits must be uniform and not arbitrary.  48 Ark. 252; *Ib.* 383; 49 *Id.* 202; 52 *Id.* 112; 56 *Id.* 356; 63 *Id.* 584; 99 *Id.* 504.   The principle contended for here is sustained in 37 Sup. Ct. Rep. U. S. 673.   See also 101 U. S. 153; 60 U. S. App. 166; 44 Ill. 229; 54 N. H. 455; 58 *Id.* 38; 63 Conn. 321; 54 Kan. 781; 70 Iowa 87; 152 Mass. 372.   The decree should be reversed and a perpetual injunction granted.

*Calvin Sellers,* for appellee.

There was no error in sustaining the demurrer and plea of *res judicata.*   These questions have been eliminated by *nunc pro tunc* order of the chancery court.   The act is constitutional and the demurrer was proper.   28 Ark. 378.   The assessment was valid.  86 Ark. 1-15; 81 *Id.* 567.   The assessment was not arbitrary or unreasonable.   The constitutional requirement as to uniformity refers to general taxes and not to benefits in improvement districts.   56 Ark. 337; 87 *Id.* 12; 86 *Id.* 109.   The case here raises the same questions, and the pleadings the

same as in the circuit court, and the matter is *res judicata.* The decision is correct and should be affirmed.

HART, J., (after stating the facts). It will be perceived from the statement of facts that the railroad company sought relief from the action of the assessors by appealing from the finding of the board of assessors to the board of commissioners and then to the circuit court as provided by the statute. In the circuit court a complaint was filed by the railroad company as required by the statute. The circuit court sustained a demurrer to a part of the complaint and tried the remaining issues on the pleadings and the evidence introduced. We have set out the judgment of the circuit court in full in our statement of facts, but for convenience again set out that part of it which is most material to the issues raised by the plea of *res adjudicata* in the present case. It is as follows: "Now on this day comes the plaintiff by its attorneys, T. B. Pryor and W. P. Strait; comes the defendant, Conway County Bridge District, by attorneys, Sellers & Sellers, and this cause coming on for hearing upon the demurrer to plaintiff's petition, pleading in this cause, and the court being well and sufficiently advised, it is ordered and adjudged that the demurrer to the petition, pleadings of the Missouri Pacific Railroad Company, be and the same is hereby sustained to all the provisions and matters pleaded except that feature and provision alleging that plaintiff was not benefited and that the benefits assessed are excessive and more than the actual benefits received, to which finding and ruling the plaintiff, Missouri Pacific Railroad Company, at the time excepted and saved exceptions."

The railroad company duly prosecuted an appeal from the judgment of the circuit court to this court, and the judgment of the circuit court was affirmed. The opinion is reported in 134 Ark. 292, under the style of *Mo. Pac. Rd. Co.* v. *Conway County Bridge Dist.*

Upon the present appeal there is a dispute between the parties as to what was decided in that case, and it is also strongly and earnestly insisted by counsel for the

plaintiff that in certain respects the holding of this court in that case was not in accord with the issues raised by the appeal. In short, counsel claim that the court went beyond the issues and decided matters not raised by the appeal. On this point the case at bar must be determined by the opinion and statement of facts on the appeal in the case of the circuit court reported in 134 Ark. 292. Whatever the court held on the appeal in that case was determined in the court below is conclusive in the present suit. If this were not so, litigation might be interminable, and a judgment settling the rights of the parties would be only a starting point for new litigation. In the opinion in that case, in discussing what issues were presented by the appeal, the court said: "Therefore, the only question for decision is whether or not the evidence is legally sufficient to support the finding of the circuit court as to the amount of assessment against appellant's property, and the uniformity of the assessment with those imposed upon other property in the district."

In making the assessment in that case the assessors divided the district into five beneficial zones and assessed the property in each zone at a different percentage according to its proximity to the bridge. It is now insisted that this was an arbitrary method of assessing the property of the railroad, and that there was no issue on this point made by the pleadings in the case in the circuit court. It is sufficient answer to this to say that this method of assessing the property was distinctly referred to, discussed and approved in the opinion on the appeal in that case. Hence the present suit is concluded in this respect by that opinion.

It is also insisted in the case at bar that the assessment of benefits was arbitrary and much greater than the benefits received by the railroad company. It is now insisted that this issue was not raised by the appeal in that case. We repeat that this issue was discussed and determined by the court on that appeal. The court expressly recognized that the board of assessors had no right to arbitrarily fix a method of assessment which

would not result in the ascertainment of the true benefits so as to work out uniformity in the assessment; but the court expressly held that the assessors had not done so and the question can not be again litigated. Moreover, this holding was in accord with the previous decisions of this court. In *Lee Wilson Co. v. Road Imp. Dist. No. 1*, 127 Ark. 310, the court had under consideration the provisions of the general law for the organization of road districts. In that case provision was made by the statute for an appeal to the county court to hear and determine the justness of any assessment of benefits and the court was authorized to equalize, lower or raise any assessments upon a proper showing to the court. The property owner there pursued the statutory method of appealing from the judgment of the county court making the assessment, and contended on appeal to this court that the assessors in making the assessment of benefits to accrue to the land owner acted in an arbitrary manner, which resulted in an assessment far in excess of any benefits which would be derived from the improvement and which was so discriminatory and confiscatory as to amount to taking its property without due process of law. The court held that the evidence showed that the assessments of benefits was arbitrary and not made in the manner required by the statute. It held that the court erred in sustaining the assessment and reversed the judgment of the circuit court which had sustained the judgment of the county court in making the assessments.

In the present case the assessors assessed the property of the railroad upon a mileage basis which was in the manner pointed out by the statute. This court affirmed the judgment of the circuit court sustaining the assessment in this respect because the statute had been followed in making the assessment.

As we have just seen, the holding is in accord with the rule laid down in the Lee Wilson Company case, although that case was not referred to in the opinion on the appeal in the circuit court case. It is true that the

Lee Wilson Company case was subsequently overruled in so far as it held that the validity of the statute could be attacked on appeal under the statute from the finding of the bodies authorized to make the assessment of benefits; but it was not overruled in so far as it held that upon an appeal under the statute from the assessment of benefits the court could determine whether the property was not benefited at all, whether the benefits assessed exceeded the benefits received, whether the assessment of benefits was arbitrarily made, or in fact whether the assessment of benefits amounted to a confiscation of the property of the complainant. See *K. C. Sou. Ry. Co.* v. *Road Imp. Dist. No. 6 of Little River County,* 139 Ark. 424.

It appears from the complaint that the total benefits assessed against all the real property in Conway County, including the railroad of the plaintiff, for the construction of the bridge is $296,806, of which amount plaintiff's twenty-two miles of railroad is assessed at $68,975, an approximately one-fourth of the entire benefits to be received by all the property within the district by reason of the construction of the bridge. It is claimed that this amount not only is far in excess of the benefits received by the railroad company from the construction of the bridge, but that it is discriminatory and arbitrary when compared with the assessments made upon the other property within the district. It is claimed that this question was not within the scope of the issues raised by the appeal in the former case. We can not agree with counsel in this contention. The judgment of the circuit court expressly recites that the sum of $68,975, the amount of benefits assessed against the property of the railroad company, was not excessive. In the opinion upon appeal in that case the court said that the assessors divided the county into five zones according to the proximity of the property to the bridge and assessed the benefits by percentages on the value of the property for the purpose of taxation. The court sustained that method of assessment. While the evidence as disclosed by the record was

not set out in detail and discussed by the court, the action of the court in sustaining the assessment in the opinion was necessarily an adjudication of the matter against the railroad company, and the question can not be reopened in the present case.

To sum up, under section 7 of the act in question, the board of assessors shall hear the complaint of all owners of property within the district, and shall increase or decrease the assessments, after having heard the complaints of the property owners, so as to adjust the burden of the assessment to the benefits which will accrue to the property. The section also provides for an appeal to the board of commissioners and from that board to the circuit court. The power to increase or to decrease the assessments and to adjust the burden of the assessments to the benefits which will accrue to the property necessarily includes the power to decide whether the assessment is erroneous, whether the assessment is so high as to be confiscatory, whether it exceeds the actual benefits, or whether it is discriminatory. In these respects the statutory remedy is exclusive, and it is only upon grounds questioning the validity of the statute that the present suit can be based.

It follows that the court was correct in sustaining the defendant's plea of *res judicata.*

Section 7 of the act provides that the assessors shall assess the value of the benefits which will accrue to telephones and telegraph lines and other power lines and also pipe lines.

The validity of the statute is assailed in the present suit on the ground that this rendered the act invalid because the Legislature had no power to include such lines within the district. There has been much diversity of opinion as to whether or not the right-of-way of such lines receive any benefits from a local improvement, but we are of the opinion that they may be included in the district for the same reason that is generally given in the case of the right-of-way of railroad companies. Of

course, the amount of benefits would be a question of fact to be determined by the board of assessors.

Section 7 of the act also provides that the assessments of railroads, etc., shall be by the mile and not by the acre. The assessors made the assessment in the manner provided by the statute. Hence the validity of the statute in providing that the assessments of railroads, telegraph and telephone lines shall be by the mile and not by the acre was not involved in the appeal from the circuit court reported in 134 Ark. 292, and that question is a proper subject for adjudication in the case at bar. The precise question has been determined adversely to plaintiff in the case of *Branson* v. *Bush*, 251 U. S. 182. In that case the railroad company sought to enjoin the sheriff and collector from collecting the taxes assessed against the railroad company under a special act passed by the Legislature of 1911 for the purpose of constructing a highway in Crawford County, Arkansas. Special Acts of Arkansas, 1911, page 642.

Section 3 of that act provides for the assessment of all railroad rights of way within the boundaries of the district. In the opinion of the Supreme Court of the United States it is stated that the Circuit Court of Appeals enjoined the collection of the taxes as against the railroad company on two grounds:

"(1) Because the including of the franchise and other intangible property of the company in the assessment results in 'a higher rate of taxation' on the property of the railway company than on the other property in the district; and

"(2) Because the evidence fails to show that the company would derive any benefit from the improvement of the road."

The court reversed the decree of the Circuit Court of Appeals, and in regard to the first ground said that the basis for assuming that the franchise of the railroad company was added as a separate personal property

value to the assessment of the real property of the company becomes upon the record as much too unsubstantial to justify invalidating the tax on that account if it be otherwise valid.

The court also reversed the decree on the second ground. On this point the witnesses for the district testified that the development of the adjacent county would increase the business of the railway company and by making a station on the plaintiff's line of railway more accessible to distant lands would divert business from Van Buren where there was a competing railroad. The court then said: "To this must be added the obvious fact that anything which develops the territory which a railroad serves must necessarily be of benefit to it, and that no agency of such development equals that of good roads."

The record here is in all essential respects similar to the record presented in that case. The reasoning of the court in that case is sound, and will be adopted in the case at bar. The franchise of a railroad is an intangible element of value but it is inseparable from the value of the physical property of the railroad. We are of the opinion that the franchise is an element of value to be considered by the board of assessors as entering into and enhancing the value of the real estate of the railroad company, and was not the application of an unlawful measure of value of such property for purposes of taxation. The value of the franchise attaches to the property regardless of ownership, and as above stated, is inseparable from the value of the physical property. Mr. Justice Clark in the case last cited, speaking for the court said: "If, however, the distinction sometimes taken between the 'essential properties of corporate existence' and the franchises of a corporation (*Memphis & L. R. Rd. Co.* v. *Commissioners,* 112 U. S. 609, 619), be considered substantial enough to be of practical value, and if it be assumed that the distinction was applied by the State commission in making the assessment here involved, this would result, not in adding personal property value to

the value of the real estate of the company in the district, but simply in determining what the value of the real property was—its right-of-way, tracks and buildings—having regard to the use which it made of it as an instrumentality for earning money in the conduct of railroad operations. This at most is no more than giving to the real property a value greater as a part of a railroad unit and a going concern than it would have if considered only as a quantity of land, buildings and tracks. * * *

"Thus, the assessment complained of was made under valid laws and in a manner approved and customary in arriving at the value of that part of railroad tracks situated in a State, county or district. So far as this record shows, the assessment, modified by the decree of the District Court not appealed from, is not a composite of real and personal property values, but is the ascertained value of the real estate—the tracks and buildings—of the company within the taxing district, enhanced, no doubt, by the special use made of it, but still its value as a part of the railroad unit, resulting from the inherent nature of the business in which it is employed, a value which will not be resolved into its constituent elements for the purpose of defeating contribution to a public improvement. No attempt was made to prove fraudulent, or capricious or arbitrary action on the part of any officials in making the assessment, the only evidence upon the subject being the opinions of four employees of the company that the improvement of the road would not benefit the railroad property, and if inequality has resulted from the application of the State law in a customary manner to a situation frequently arising in our country, it is an incidental inequality resulting from a valid classification of railroad property for taxation purposes which does not fall within the scope of the Fourteenth Amendment, which was not intended to compel the States to adopt an iron rule of equal taxation."

It follows that the decree will be affirmed.