WESTERN CRAWFORD ROAD IMPROVEMENT DISTRICT *v.* MIS-
SOURI PACIFIC RAILROAD COMPANY.

## Opinion delivered February 26, 1923.

1. HIGHWAYS—ABANDONMENT OF IMPROVEMENT DISTRICT—PRELIMIN-
   ARY EXPENSES.—The method of assessment prescribed by a special
   statute creating a road improvement district in case the improve-
   ment is abandoned, namely, that the preliminary expenses shall
   be paid by a levy of a tax based on the assessed value for State
   and county taxation, *held* valid.

2. HIGHWAYS—LEGISLATIVE ASSESSMENT OF BENEFITS.—The legisla-
   tive determination that the preliminary expenses of an abandoned
   highway improvement, levied on the basis of the assessed value of
   the property in the district for State and county taxation, would
   not exceed the anticipated benefits from the construction of the
   improvement is conclusive unless shown on its face to be arbitrary
   and unreasonable.

3. HIGHWAYS—LEGISLATIVE METHOD OF ASSESSING BENEFITS.—A legis-
   lative assessment for paying the preliminary expenses of an
   abandoned road district by pro-rating such expenses according
   to the assessed valuation of property in the district for State
   and county taxation is not shown to be arbitrary and unreason-
   able by proof that an incomplete assessment of benefits on plain-
   tiff's property for the completed improvement was less than the
   amount they would be required to pay for preliminary expenses
   under the legislative method of assessment.

Appeal from Crawford Chancery Court; *J. V. Bour-
land,* Chancellor; reversed.

*E. L. Matlock,* for appellant.

The court erred in levying the preliminary expenses
upon a basis of the benefit assessment which had been
made in the district and abandoned, instead of upon the
basis of the assessed valuation of the property for State
and county taxation, as required by the act creating the
road improvement district, § 25. 151 Ark. 47; 153 Ark. 5.

*Thos. B. Pryor,* for appellee, Missouri Pacific Rail-
road Co.; *Warner, Hardin & Warner,* for appellee, St.
Louis-San Francisco Railway Co.

Where the amount of the tax to pay preliminary
expenses exceeds the anticipated benefits, such an exac-
tion is not warranted, and where the evidence shows

that the tax exceeds the benefits, and the assessment of benefits has been made under the provisions of the act, the only fair and just basis for a tax to pay the preliminary expenses would be the benefits as made by the assessors under oath. 153 Ark. 5, 239 S. W. 722; 107 Ark. 285.

McCulloch, C. J. A road improvement district designated as Western Crawford Road Improvement District was created in Crawford County by special statute (unpublished) at the extraordinary session of the year 1920, and there were proceedings under the statute up to the assessment of benefits by the assessors and the filing of the list of assessments with the clerk of the county court for approval by the board of commissioners. The statute contained the usual provisions with reference to giving notice of the assessments and providing for a hearing upon the correctness of the assessments.

On the day provided for the hearing there were numerous protests made by owners of property to further proceedings toward the construction of the improvement, on the ground that the improvement was too expensive, and that the cost would probably exceed the benefits, and the commissioners, without acting upon the list of assessments filed by the assessors, decided to abandon the whole project as being impracticable. There were no further proceedings towards carrying out the construction of the improvement, but there had been preliminary expenses incurred, and the statute contained the following provision with reference to the payment of such expenses:

"Section 25. In case, for any reason, the improvement contemplated by this district is not made, the preliminary expense shall be a first lien upon all of the lands in the district, and shall be paid by a levy of a tax thereon upon the assessed value for the county and State taxation, which levy shall be made by the chancery court of Crawford County and shall be collected by a receiver to be appointed by said court."

The commissioners of the district, pursuant to the provisions of that part of the statute quoted above, prepared an itemized statement or list of the preliminary expenses, and filed a petition in the chancery court of Crawford County, setting forth in detail all the proceedings in connection with the preliminary expenses incurred, and asked the court to levy a tax upon the property in the district to raise funds for the payment of such expenses. The court disallowed one of the claims, but no appeal has been prosecuted from that part of the decree. The remainder of the claims were approved by the chancery court and ordered paid, but in the final decree rendered the court refused to order payment of assessments in accordance with the directions of the statute quoted above, but ordered that the payments be made in proportion to the anticipated benefits assessed by the board of assessors.

It appeared from the proof that the property of two railroad corporations whose lines of railroad ran through the district would, under the method of assessment prescribed by the statute, amount to more than the whole of the anticipated benefits as assessed by the assessors of the district. It is shown that the assessed benefits of the Missouri Pacific Railroad were $1,960, whereas the levy of the tax on that property, according to the "assessed value for county and State taxation," would amount to $2,396.62. The board of assessors had assessed the property of the St. Louis-San Francisco Railway Company at $2,341.50, and it is shown that the amount to be paid on a levy in accordance with the provisions of the statute would be $2,769.40.

The chancery court based its conclusion on the ground that the assessment made by the board of assessors was conclusive as to the amount of anticipated benefits from the construction of the improvement, and that the owners of property could not be taxed for preliminary expenses in excess of the anticipated benefits.

It will be observed that the statute involved in this inquiry expressly provides that, in case the contemplated improvement is abandoned, "the preliminary expense shall be a first lien upon all of the lands in the district, and shall be paid by a levy of a tax thereon upon the assessed value for county and State taxation." This court has decided heretofore that the method of assessment prescribed in this statute is valid as applied to the payment of a completed improvement (*St. L. S. W. Ry. Co.* v. *Board of Directors,* 81 Ark. 562), or for the method of payment of preliminary expenses. *Board of Directors* v. *Dunbar,* 107 Ark. 285; *Neterer* v. *Dickinson & Watkins,* 153 Ark. 5. The decisions on this question were based on the ground that the statute constituted a legislative determination that benefits would accrue in proportion to value. Special application of this rule was made in the Neterer case, *supra,* where a different method of assessment had been provided under the statute for payment of the cost of the improvement, if completed. In that connection we said:

"The two methods of assessment are for wholly different purposes. One is for the payment of the cost of the completed improvements, which must be by taxation based upon and apportioned on benefits to accrue. The other is a mere provision for the payment of preliminary expenses where the improvement is not undertaken at all. This provision necessarily implies a determination by the Legislature that there are anticipated benefits, at least to the extent of the cost of the preliminary expenses, apportioned according to assessments for county purposes, but it is neither unfair nor violative of any right of landowners to provide that, in the event the contemplated improvement is not undertaken, the preliminary expenses shall be paid according to value, and not according to anticipated benefits. The distinction lies between the payment of preliminary expenses and payment of the actual cost of the improvement."

It is true that we reiterated in that case what had already been held in the Dunbar case, *supra,* that assess-

ments for payment of preliminary expenses could not be exacted in excess of anticipated benefits, but in each of those cases we emphasized the principle that a provision for payment of preliminary expenses necessarily implied a legislative determination that the cost of the preliminary expenses would not exceed the anticipated benefits from the construction of the improvement. The legislative determination is conclusive unless shown on its face to be arbitrary and unreasonable. *Desha Road Imp. Dist.* v. *Stroud,* 153 Ark. 587, and cases cited therein.

There is nothing shown in the present case to overcome the legislative determination except the unapproved assessment lists filed by the board of assessors. The assessment was incomplete because it was never approved by the board of commissioners. The point was never reached for the approval, for there was an abandonment of the district before this was done, and we do not certainly know what the assessments against the railroads would have been, had the assessment of benefits proceeded to finality.

Counsel for appellees lay stress upon the statement in the opinion in the Neterer case to the effect that the payment of preliminary expenses must not exceed the anticipated benefits, but this was a mere reiteration of what we have held in other cases in regard to taxation upon property and was a mere statement of the principle, without undertaking to determine how it might be shown that the taxes exceeded those benefits. We have always adhered to the principle that the right to tax for local improvements is limited to the amount of anticipated benefits, but, at the same time, we have consistently held that the legislative determination of the amount of benefits, or the legislative provision for the method of determining benefits, was conclusive unless shown to be arbitrary. So we hold now that this legislative determination is conclusive, and it is not sufficient to overcome this by showing that an incomplete assessment of benefits made by the board of assessors was less than the amount of taxes

that the appellees would be required to pay under the other method prescribed by the statute.

The chancery court erred therefore in refusing to follow the statute, and the decree is reversed, and the cause remanded with directions to enter a decree levying taxes on the property in the district in accordance with the terms of the statute; that is to say, ''upon the assessed value for county and State purposes.''

WOOD and HART, JJ., dissent.