MISSOURI PACIFIC RAILROAD COMPANY *v.* SEARS.

Opinion delivered November 3, 1924.

1. HIGHWAYS—PRELIMINARY EXPENSES OF IMPROVEMENT DISTRICT—REPEAL OF STATUTE.—The remedy afforded by act No. 266 of extraordinary session of 1920 for enforcing claims for preliminary expenses incurred by commissioners of the road improvement district created by the act was not taken away by Special Acts of 1921, pp. 97, 1251, repealing such act No. 266.

2. HIGHWAYS—JURISDICTION OF EQUITY TO ADJUDICATE CLAIMS.—Under Acts Extra Session 1920, No. 266, § 25, creating Fulton & Izard Road Improvement District No. 4, the chancery court of Fulton County had jurisdiction to adjudicate claims against such district for preliminary expenses, and to appoint a receiver to collect such taxes, notwithstanding the district was abolished by Sp. Acts 1921, pp. 97, 251.

3. JUDGMENT—DECREE AGAINST ROAD IMPROVEMENT DISTRICT—CONCLUSIVENESS.—A decree in a suit against a road improvement district for expenses incurred by the commissioners is binding upon the property owners in such district, as they were represented by the district.

4. JUDGMENT—CONCLUSIVENESS OF CONSENT DECREE.—The fact that in a suit against a road improvement district claims were allowed by agreement will not affect the decree on collateral attack.

5. HIGHWAYS—PRELIMINARY EXPENSES OF IMPROVEMENT DISTRICT—ASSESSMENT.—Acts of Extra Session of 1920, No. 266, § 25, providing that preliminary expenses of the road improvement district, in case the project should be abandoned, should be raised by levy on the assessed valuation of property in the district, is valid.

6. HIGHWAYS—STATUTE FIXING ASSESSMENT OF EXPENSES—VALIDITY. —Testimony as to the absence of benefit to one of the taxpayers in a highway improvement district *held* not sufficient to show that the act creating the district was unreasonable in fixing the assessed valuation for general taxation as the basis for apportioning the preliminary expenses of the district upon the abandonment of the project.

7. HIGHWAYS—NONPAYMENT OF ASSESSMENT—PENALTY.—Nonpayment of the tax levied under § 25 of act No. 266 of Extra Session of 1920 to pay preliminary expenses upon abandonment of the project did not involve the payment of a penalty, that provided by § 14 relating only to assessments while the district is a going concern.

Appeal from Izard Chancery Court; *Lyman F. Reeder*, Chancellor; reversed in part.

*Thos. B. Pryor* and *Samp Jennings*, for appellant.

The chancery court of Fulton County was without authority in assuming jurisdiction of the case. 89 Ark. 160; 116 S. W. 199; 23 R. C. L. 43, § 44; 227 Penn. 354; 76 Atl. 67; 136 A. S. R. 884. Jurisdiction of the subject-matter is necessary to make judgment by consent good. 15 R. C. L. 643, § 86. Jurisdiction of the court must be shown in some manner. 78 Ark. 246; 93 S. W. 978. A judgment may be attacked in collateral proceedings for error in assuming jurisdiction. 15 R. C. L. 853, § 327. A stranger to a judgment, prejudiced by it when entered, may not however avoid it for mere error or irregularity. 15 R. C. L. 840, § 314; 59 Ohio St. 259; 69 A. S. R. 764; 12 Vt. 165; 36 Am. Dec. 331; 2 Metc. 135; 35 Am. Dec. 393; 4 Cush. 27; 50 Am. Dec. 750; 18 Penn. St. 79; 55 Am. Dec. 592. Repeal of law conferring jurisdiction takes away the right to proceed

further in actions pending. 30 Ark. 278; 25 R. C. L. 936, § 189; 25 R. C. L. 939, § 191; 25 R. C. L. 940, § 183. There is no vested right in a penalty. 25 R. C. L. 943, § 195. Section 9758, C. & M. Digest, refers only to criminal and penal statutes, and does not apply to this proceeding. 103 Ark. 151; 146 Ark. 485; 68 Ark. 433; 59 S. W. 952. The court erred in admitting the testimony of R. E. Warden. 157 Ark. 304; 248 S. W. 563; 153 Ark. 5; 239 S. W. 722; 86 Ark. 1; 109 S. W. 526.

*H. A. Northcutt* and *G. T. Humphries,* for appellee.

McCulloch, C. J. A road improvement district, known as Fulton and Izard Road Improvement District No. 4, was created by a special statute enacted by the General Assembly at the extraordinary session of 1920 (unpublished act No. 266), for the purpose of improving a public road or roads in Fulton and Izard counties, beginning at Calico Rock, in Izard County, and running in a northeasterly direction through Pineville, Cross Road, Wild Cherry, Bexar and Byron to Salem, in Fulton County, and also a lateral beginning at Bexar and running in an easterly direction to Union, and another lateral from Viola to Salem. This statute contained numerous sections appointing commissioners and authorizing the formation of plans, the assessment of benefits on lands, and the construction of the improvement mentioned, and the collection of taxes. Sections 14 and 25 of that statute, bearing upon the present controversy, read as follows:

"Section 14. All taxes levied under the terms of this act shall be payable between the first Monday in January and the 10th day of April of each year, and, if any taxes levied by the board in pursuance of this act are not paid at maturity, the collector shall not embrace such taxes in the taxes for which he shall sell the lands, but shall report such delinquencies to the board of commissioners of said district, who shall add to the amount of the tax a penalty of twenty-five per cent.; and said board of commissioners shall enforce the collection by chancery proceedings in the chancery court of their

respective counties, in the manner provided by §§ 23 and 24 of act No. 279 of the General Assembly of the State of Arkansas for the year 1909, entitled, 'An act to provide for the creation of drainage districts in this State,' approved May 27, 1909; but the owner of property sold for taxes thereunder shall have the right to redeem it at any time within two years from the time when his lands have been stricken off by the commissioner making the sale.''

''Section 25. In case, for any reason, the improvement contemplated by this district is not made, the preliminary expenses shall be a first lien upon all the property in the district, and shall be paid by a levy of a tax upon the assessed value for county and State taxation, which levy shall be made by the chancery court of Fulton and Izard counties, and shall be collected by the receiver to be appointed by said court.''

Pursuant to the statute, the commissioners caused a survey to be made of the road and formed plans for the construction of the work, thereby incurring certain preliminary expenses, but there was opposition to the construction of the road, and it was found to be impracticable to do so, and the project was abandoned. Certain creditors of the district for preliminary expenses commenced an action in the chancery court of Fulton County for the enforcement of their claims and the appointment of a receiver to collect the taxes, pursuant to § 25 of the statute. This action was commenced on March 22, 1921, and, after service upon the commissioners of the district, a large number of property owners appeared and were made parties for the purpose of resisting the allowance of some of the claims. The claims were finally adjusted, the principal one, being for engineering expenses, was adjusted by agreement of all parties, and the chancery court entered a decree allowing the claims as agreed upon, and ascertaining the total amount to be collected, and appointed a receiver to collect the taxes. The order of court appointing the receiver was entered on April 13, 1921, and the final decree allowing the claims

was entered on October 12, 1921. All of the landowners in the district paid their respective apportionment of the tax except appellant, Missouri Pacific Railroad Company, and this action was instituted in the chancery court of Izard County, where that portion of appellant's property which is taxed is situated, to recover its amount of the proportionate part of the preliminary expenses. On the hearing of the cause, the court rendered a decree against appellant for the recovery of the amount which was found to be its tax or proportionate part of the expenses, in accordance with § 25 of the statute creating the district, and also for a penalty of twenty-five per centum of the tax, in accordance with § 14 of the statute.

The General Assembly of 1921 enacted a statute amending the other statute (act No. 266, Feb. 1920) by changing the name of the district created thereby from the Fulton and Izard Road Improvement District No. 4 to "Izard Road Improvement District No. 4," and eliminating from the district all of the lands in Fulton County and excluding that part of the improvement which lies in that county. Special Acts 1921, p. 97. The effect of that statute, while purporting merely to amend act No. 266, was to repeal the last mentioned statute and to create a new district composed entirely of lands in Izard County for the purpose of constructing an improvement situated entirely in that county. The statute simply cut off the road in Fulton County and eliminated all the lands in that county, leaving a road district situated in Izard County to construct the part of the road in that county. There was no emergency clause attached to the last mentioned statute; hence it did not go into effect until ninety days after the adjournment of the Legislature, which was in June, 1921.

At the same session of the Legislature (1921) another statute was passed repealing the other statute enacted at that session and adding certain lands contained therein to another district in Izard County, designated as Izard County Highway Improvement District No. 1. This statute did not contain the emergency clause, and there-

fore did not go into effect until ninety days after the adjournment of the session.    Special Acts 1921, p. 1251.

The language of § 3 of the last mentioned statute is somewhat involved, owing to what appears to have been the desire of its framers to emphasize and reemphasize the fact that the original statute creating the Fulton and Izard Road Improvement District was not to be revived so as to recreate a road improvement district in Fulton County, but one thing is clearly expressed, and that is that the preceding statute of the same session creating the district in Izard County, known as the Izard County Improvement District No. 4, was repealed. That section concludes as follows:

"Fulton County shall be exempt from the provisions of act No. 266 of the Forty-second General Assembly of the State of Arkansas, approved February 20, 1920, and no taxes shall be collected under the provisions of any of the above mentioned acts, except the necessary amounts to pay for the expenses already incurred previous to the passage of this act by reason of said act No. 266, and, in accordance with act 78 of the acts of 1921, from any lands or property lying within Fulton County, also act No. 266 of the Acts of the General Assembly of the State of Arkansas in extra session, 1920, creating Fulton-Izard County Highway Improvement District No. 4, is hereby repealed."

It is earnestly contended, in the first place, that the chancery court of Fulton County had no jurisdiction to adjudicate the claims against the district and appoint a receiver to collect the taxes.    The argument is that the first of the statutes of 1921, mentioned above, transferred the jurisdiction from the chancery court of Fulton County to the chancery court of Izard County.    We do not agree with counsel in this contention, for, as before stated, the effect of the act of 1921, *supra,* was to abolish the old district without repealing the statute *in toto,* and to create a new district, composed of lands situated in Izard County, and for the purpose of constructing an improvement in that county.    There was no express

repeal of the act creating the old district, and, as the preliminary expenses had been incurred, thereby creating obligations pursuant to § 25 of the statute—obligations which could not be impaired by subsequent legislation— no presumption is to be indulged that the Legislature intended to take away the only remedy afforded by the statute for enforcing those obligations. The new statute was, in other words, merely prospective in its operation, and had no effect upon obligations already incurred and the remedy provided in the old statute for their enforcement. The preliminary expenses were incurred by the old district as a whole, and all of the lands in the district were subject to taxation, under the statute, for the purpose of paying those expenses. The elimination of the Fulton County lands from the district manifested no intention on the part of the lawmakers to exempt those lands from the obligations incurred for preliminary expenses. Nor did the statute later enacted in the session of 1921 have the effect of repealing § 25 of the original statute so as to cut off the remedy for the enforcement of obligation for preliminary expenses. It is true the concluding clause of § 3 of the statute declares the repeal of act No. 266, creating the Fulton and Izard County Highway Improvement District No. 4, but that is coupled with the express declaration that "no taxes shall be collected under the provisions of any of the above mentioned acts, except the necessary amounts to pay for the expenses already incurred previous to the passage of this act."

Our conclusion is that the Fulton Chancery Court had jurisdiction under the original statute, which was not repealed as to the section conferring jurisdiction on the Fulton Chancery Court.

It is further contended that, as appellant was not a party to the suit in the Fulton Chancery Court, where the amount of the claims was adjusted and a receiver appointed, it is not bound by that decree, but has a right, in the present suit in the Izard Chancery Court, to attack the validity of the claims against the district.

There was no effort at the trial to show that the claims against the district were unjust, appellant contenting itself with the argument that the court was without jurisdiction and that no one was bound by the decree except those who were parties. We have already seen that the court had jurisdiction, and it was therefore unnecessary for the property owners to be made parties in order to bind them. They were not necessary parties, as they were represented by the district itself, which was sued. Appellant could have had itself made a party, as did many other property owners, but, having failed to do so, it cannot question the correctness of the court's decree. The fact that the claims were allowed without proof adduced by the court, other than the agreement as to the amounts, does not affect the decree on collateral attack.

Appellant also attempted to show that the tax against its property was arbitrary and unjust. It will be observed that § 25 of the original statute provides that the preliminary expenses, in case of abandonment of the project, should be paid "by a levy of a tax upon the assessed value for county and State taxation." This constituted a legislative determination of the justice of this method of taxation, and such legislation has been upheld by this court as the proper exercise of legislative power. *Netterer* v. *Dickinson & Watkins,* 153 Ark. 5. The only attempt made by appellant to break down the statute as arbitrary was to show, by the opinion of one witness, that the railroad's property would not have been benefited at all, for the reason, in the language of the witness, that "the Interstate Commerce Commission fixes the rate for transportation, and, when the business will net the railroad over five and a half per cent., the Government takes the amount earned in excess of that. It is kept in a different fund, and the railroad does not need new roads, and settling up and civilizing a new road would not add anything to the physical value of the railroad or the railroad's property." This testimony was not sufficient to show that the statute was arbitrary and unreasonable in fixing the assessment of values

for State and county taxation as the basis of apportionment of the preliminary expenses of the district.

Finally, it is contended that the court erred in decreeing a penalty in accordance with § 14 of the original statute, and in this contention we fully agree with appellant. Section 14 relates only to the collections of assessments, while the district is a going concern, for the purpose of constructing the improvement. Section 25 is the only provision which has reference to the winding up of the district and collecting taxes for the purpose of paying the preliminary expenses. The two sections contain altogether different provisions with reference to the method of collecting the taxes. One provides for an actual assessment of benefits and the collection thereof in annual installments by the tax collector of the county; and the other provision is for a horizontal assessment on the valuations fixed for State and county taxation, and the collection thereof by a receiver appointed by the court. As the section with reference to the collection of taxes to pay preliminary expenses contains no provision for a penalty, the court is without authority to declare one.

The decree of the chancery court is therefore modified by striking out the penalty, and the cause is remanded with directions to enforce the lien for the amount of taxes, without penalty.