CITY OF CLIFTON, PROSECUTOR, v. STATE BOARD OF TAX APPEALS AND RECONSTRUCTION FINANCE CORPO-RATION, DEFENDANTS.

Submitted May 7, 1940—Decided January 21, 1941.

Before Justices CASE, DONGES and HEHER.

For the prosecutor, *John G. Dluhy.*

For the defendants, *Pitney, Hardin & Skinner.*

The opinion of the court was delivered by

DONGES, J. Reconstruction Finance Corporation, on November 2d, 1936, acquired by purchase at a sale by a trustee in bankruptcy certain personal property, consisting of machinery, equipment and tools, theretofore the property of Cretona Print and Dye Works, a corporation, which was located in the City of Clifton. The purchase was made to protect the interest Reconstruction Finance Corporation had in the property, arising out of a loan made by it to the Cretona corporation in the sum of $400,000, pursuant to the provisions of section 5d of an act of Congress, known as Reconstruction Finance Corporation act, on which loan the borrower had defaulted.

As of October 1st, 1937, the prosecutor herein, City of Clifton, assessed said personal property for taxation for the year 1938, in the sum of $70,000. On appeal the Passaic County Board of Taxation affirmed the assessment. The State Board of Tax Appeals reversed the judgment of the County Board and ordered the assessment to be canceled.

A single question is presented, namely, whether the property in question is the property of the United States and subject to exemption from taxation because of a lack of power in the states to tax property of the United States and its governmental agencies and because of the provision in the statute of this state (*R. S.* 54:4-3.3) that "The property of the United States   *   *   *   shall be exempt from taxation *   *   *   ."

The act of Congress, known as "Reconstruction Finance Corporation act," approved January 22d, 1932, 47 *Stat. ch.* 8, *pp.* 5-12, is entitled "An act to provide emergency financing facilities for financial institutions, to aid in financing

agriculture, commerce, and industry, and for other purposes." It provides in section 10: "\* \* \* The corporation, including its franchise, its capital, reserves, and surplus, and its income shall be exempt from all taxation now or hereafter imposed by the United States, by any territory, dependency, or possession thereof, or by any state, county, municipality, or local taxing authority; except that any real property of the corporation shall be subject to state, territorial, county, municipal, or local taxation to the same extent according to its value as other real property is taxed."

When consideration is given to the purposes, organization, and operations of the corporation, it becomes apparent that it was designed to be and in fact is a governmental agency of the United States and that property held by it is property of the United Staes.

The act of Congress provides: "Sec. 2. The corporation shall have capital stock of $500,000,000, subscribed by the United States of America, payment for which shall be subject to call in whole or in part by the board of directors of the corporation." The sum mentioned was appropriated by the Congress for the purposes stated.

The Secretary of the Treasury has jurisdiction of the sale and issuance of the obligations of the corporation, which are guaranteed by the United States and are public debt transactions. It is authorized to act as a depository of public funds and to deposit its funds with the Treasurer of the United States. The Secretary of the Treasury and five directors appointed by the President with the consent of the Senate constitute its board of directors, whose salaries are paid by treasury checks; expenses are paid by Congressional appropriation; and, upon dissolution, any surplus is to be paid into the treasury of the United States.

By section 5d, the corporation is authorized, *inter alia,* "to make loans to any business enterprise when capital or credit, at prevailing rates for the character of loan applied for, is not otherwise available." Under this provision money was advanced to the Cretona corporation and thereout title to the property here involved was acquired by the defendant.

There can be no doubt that the defendant's creation and

powers derive from the powers of the Congress delegated to it by the Federal Constitution.

The power of Congress to create corporations to carry out its functions has been upheld in many cases. *McCulloch* v. *The State of Maryland et al.*, 4 *Wheat.* 316; 4 *L. Ed.* 579; *Clallam County* v. *United States*, 263 *U. S.* 341; 68 *L. Ed.* 328, are leading cases on this point.

In *Graves* v. *New York*, 306 *U. S.* 466; 83 *L. Ed.* 927, it was said: "For the purposes of this case we may assume that the creation of the Home Owners' Loan Corporation was a constitutional exercise of the powers of the federal government. *Cf. Kay* v. *United States*, 303 *U. S.* 1; 82 *L. Ed.* 607; 58 *S. Ct.* 468. As that government derives its authority wholly from powers delegated to it by the Constitution, its every action within its constitutional power is governmental action, and since Congress is made the sole judge of what powers within the constitutional grant are to be exercised, all activities of government constitutionally authorized by Congress must stand on a parity with respect to their constitutional immunity from taxation. *McCulloch* v. *Maryland*, 4 *Wheat.* 316, 432; 4 *L. Ed.* 579, 607; *Van Brocklin* v. *Tennessee* (*Van Brocklin* v. *Anderson*), 117 *U. S.* 151, 158, 159; 29 *L. Ed.* 845, 847, 848; 6 *S. Ct.* 670; *South Carolina* v. *United States*, 199 *U. S.* 437, 451, 452; 50 *L. Ed.* 261, 265, 266; 26 *S. Ct.* 110; 4 *Ann. Cas.* 737; *Helvering* v. *Gerhardt*, 304 *U. S.* 405, 412-415; 82 *L. Ed.* 1427, 1432-1434; 58 *S. Ct.* 969. And when the national government lawfully acts through a corporation which it owns and controls, those activities are governmental functions entitled to whatever tax immunity attaches to those functions when carried on by the government itself through its departments. See *McCulloch* v. *Maryland, supra* (4 *Wheat.* 421, 422; 4 *L. Ed.* 605); *Smith* v. *Kansas City Title, &c., Co.*, 255 *U. S.* 180, 208; 65 *L. Ed.* 577, 588; 41 *S. Ct.* 243; *Federal Land Bank* v. *Crosland*, 261 *U. S.* 374; 67 *L. Ed.* 703; 43 *S. Ct.* 285; 29 *A. L. R.* 1; *New York, ex rel. Rogers* v. *Graves*, 299 *U. S.* 401; 81 *L. Ed.* 306; 57 *S. Ct.* 269, *supra*."

And further, it was said: "* * * so that every agency which Congress can constitutionally create is a governmental

agency. And since the power to create the agency includes the implied power to do whatever is needful or appropriate, if not expressly prohibited, to protect the agency, there has been attributed to Congress some scope, the limits of which it is not now necessary to define, for granting or withholding immunity of federal agencies from state taxation." Citing authorities.

In *United States* v. *Lewis,* 10 *Fed. Supp.* 471, 474, it was said: "There is no doubt whatever that all the property of the Reconstruction Finance Corporation is in reality the property of the United States government, and that all the activities of that corporation are just as much activities of the government as if they were conducted by the Secretary of the Treasury in his official capacity, or by some other governmental official."

It was further said: "If the Act of Congress, instead of creating the Reconstruction Finance Corporation, had created an executive office and provided for the appointment of a natural person to fill same, and had invested such officer with the powers conferred upon the Reconstruction Finance Corporation, no one would question the proposition that such officer was an agent of the United States government, and that all the property which he held was the property of the United States; and this is nonetheless true because Congress has seen fit to use a corporation instead of natural person."

As stated above, section 10 of the act of Congress creating this agency of the federal government clearly indicates that property (except real property), is exempt from taxation.

We conclude, therefore, that the property in question is property of the United States; that it is personal and not real property; that, under the statute of New Jersey and the act of Congress, it is exempt from taxation; and that the judgment of the State Board of Tax Appeals must be affirmed.

The writ of *certiorari* will be dismissed, with costs.