**BOARD OF DIRECTORS OF RED RIVER LEVEE DIST. NO. I OF LAFAYETTE COUNTY, ARKANSAS v. RECONSTRUCTION FINANCE CORPORATION.**

No. 13740.

United States Court of Appeals
Eighth Circuit.

Nov. 8, 1948.

A. G. Sanderson, Jr., of Texarkana, Ark. (R. L. Scarcy, Jr., of Lewisville, Ark., and Willis B. Smith, of Texarkana, Ark., on the brief), for appellant.

George Rose Smith, of Little Rock, Ark. (Rose, Dobyns, Meek & House and Harry E. Meek, all of Little Rock, Ark., on the brief), for appellee.

Before THOMAS, JOHNSEN and COLLET, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal from a final order dismissing appellant's complaint in equity for failure to allege a cause of action.

The facts alleged in the petition and in the motion to dismiss necessary to an understanding of the contentions of the parties may be stated briefly. The appellant is a body politic and corporate created by Act 97 of the General Assembly of Arkansas in 1905 for the purpose of protecting the lands of the levee district from the overflow of the Red River by the construction and maintenance of a levee. For such purpose the Board was empowered and it was made its duty "to assess and levy annually a tax upon the valuation as it shall appear each year, upon the real estate assessment list for Lafayette County, upon all lands * * * and all natural gas or oil pipe lines within said district * * * but * * * in no year [to] exceed ten per cent (10%) of the valuation assessed; * * *." Section 4 of Act 97, Acts of Arkansas 1905, as amended by § 1 of Act 70, Sp.Acts of Arkansas 1921.

The Big Inch pipe line extends for a distance of 4.7 miles across the levee district. The pipe line was originally owned and constructed in 1942 by the Defense Plant Corporation; but, pursuant to a joint resolution of Congress approved June 30, 1945, Public Law 109, 79th Congress, 15 U.S.C.A. § 611 note, the pipe line was transferred as of July 1, 1945, to Reconstruction Finance Corporation, both corporations being instrumentalities of the United States.

On·November 22, 1946, appellant filed suit in the Chancery Court of Arkansas against lands in the district for delinquent taxes. Included in the suit was a claim against the Big Inch pipe line of $2,508.30 for 1943 and of $3,904.29 for 1944, with 6% interest, costs, attorney's fee, and 25% statutory penalty. The complaint demanded, also, that the suit be held to be a proceeding in rem against the lands upon which the taxes were delinquent; that the judgment be declared a first lien thereon; and that said lands be sold in accordance with law.

The case was removed to the district court where a motion to dismiss was filed. The motion was granted; and the judgment, from which this appeal was taken, was entered dismissing the cause as to the Reconstruction Finance Corporation and its property.

The motion to dismiss stated that "* * * it is apparent from the record in this case that this proceeding is one to enforce the lien of State authorized special improvement assessments upon the pipe line facilities of a Federal agency which were at the time such assessments were levied, and are now, exempt from levies of that character."

The general question decided by the district court and presented to this court is whether the Big Inch pipe line is exempt from the assessments levied upon it by the levee district pursuant to the authority of § 4 of Act 97, Acts of Arkansas 1905, supra.

It is familiar law that a State has no power to tax the property of the United States or any of its instrumentalities within its limits without the consent of Congress whether such tax be strictly for state purposes or for local and special objects. Constitution, Article IV, § 3, cl. 2; McCulloch v. Maryland, 4 Wheat. 316, 17 U.S. 316, 4 L.Ed. 579; Van Brocklin v. State of Tennessee, 117 U.S. 151, 6 S.Ct. 670, 29 L.Ed. 845; Wisconsin Cent. Railroad Co. v. Price County, 133 U.S. 496, 504, 10 S.Ct. 341, 33 L.Ed. 687; Fed. Land Bank v. Bismarck Lumber Co., 314 U.S. 95, 62 S.Ct. 1, 86 L.Ed. 65; Maricopa County v. Valley National Bank, 318 U.S. 357, 63 S.Ct. 587,

87 L.Ed. 834; City of Cleveland v. United States, 323 U.S. 329, 65 S.Ct. 280, 89 L.Ed. 274.

Appellant contends that Congress has consented to the taxation by Arkansas of the Big Inch pipe line by the enactment of § 10 [now § 8] of the Reconstruction Finance Corporation Act, 47 Stat. 9, 15 U.S. C.A. § 610 [now § 607], the pertinent part of which reads: "The corporation * * * shall be exempt from all taxation now or hereafter imposed * * * by any State, county, municipality, or local taxing authority; except that any real property of the corporation shall be subject to State, Territorial, County, municipal, or local taxation to the same extent according to its value as other real property is taxed."

Since Congress did not define the term "real property" in the Act, its meaning must be determined "by application of settled state rules * * * so long as it is plain, * * * that the state rules do not effect a discrimination against the government, or patently run counter to the terms of the [Reconstruction Finance Corporation] Act." Reconstruction Finance Corporation v. Beaver County, 328 U.S. 204, 210, 66 S.Ct. 992, 995, 90 L.Ed. 1172. Applying this rule, the appellee's pipe line is real property within the meaning of the law of Arkansas. Miller County Highway & Bridge Dist. v. Standard Pipe Line, 8 Cir., 19 F.2d 3, 4; Standard Pipe Line Co. v. Index-Sulphur Drainage Dist., 173 Ark. 372, 293 S.W. 1031.

The complaint alleges that "the plaintiff in accordance with the requirements of said Act 97, as amended, levied a tax of nine (9) per cent ad valorem upon the assessed valuation of the real estate within Red River Levee District No. 1, to be collected therefrom for the years 1943 and 1944, due and payable in the years 1944 and 1945 respectively; * * *" These are the assessments involved in the controversy. The purpose of the assessment was to raise funds to pay bonds issued by plaintiff "for the construction of the levee of said district * * *"

The serious question presented is whether an assessment for such purpose by a local levee district in Arkansas is within the exception to the exemption from "all taxation" granted to the appellee in § 10 of the Reconstruction Finance Corporation Act, supra; or does it "run counter to the terms of the Act"? A determination of this question calls for the proper construction of the terms "tax" and "taxation" as those words are used in § 4 of Act 97, Acts of Arkansas 1905, and in § 10 of the Reconstruction Finance Corporation Act, supra.

The appellee in its brief distinguishes between a tax and a special improvement assessment, saying a tax is a contribution toward the expense of government whereas a special assessment for an improvement is in the nature of an investment by the land owner for which he receives a quid pro quo in the form of a benefit or betterment to his property. The appellant does not deny this contention, but says the distinction has no application here because the language of the statute does not permit such construction.

The distinction suggested has long been noted by the courts. Appellant points to the statement of Cooley on Taxation, 3d Ed., p. 1201, where it is said: "It is safe to assume as a result of the cases that the constitutional provisions refer solely to State taxation, or when they go further to the general taxation for state, county and municipal purposes; and though assessments are laid under the taxing power and are in a certain sense taxes, yet that they are a peculiar class of taxes and not within the meaning of that term as it is usually employed in our constitution and statutes. They may, therefore, be laid on property specially benefited notwithstanding such constitutional restrictions as have been mentioned."

The Supreme Court of the United States discussed the distinction at length in Illinois Central Railroad v. Decatur, 147 U.S. 190, 13 S.Ct. 293, 298, 37 L.Ed. 132, where it was held that an exemption of the railroad company from taxation is to be construed as an exemption from the burden of ordinary taxes and not from special assessments for a local improvement. The Court concluded: "And whether the charges are called 'special taxes' or 'special assessments,' and by whatever tri-

bunal or by whatever mode the question of benefits may be determined, the fact remains that the charges are for a local improvement, and cast upon the contiguous property, upon the assumption that it has received a benefit from such improvement, which benefit justifies the charge. The charges here are not taxes proper, are not contributions to the state or to the city for the purpose of enabling either to carry on its general administration of affairs, but are charges only, and specially, for the cost for a local improvement supposed to have resulted in an enhancement of the value of the railroad company's property. It is not in lieu of such charges that the company pays annually the stipulated per cent. of its gross revenues into the state treasury."

The foregoing excerpt was quoted with approval by the Supreme Court of Arkansas in Standard Pipe Line Co. v. Index-Sulphur Drainage Dist., 173 Ark. 372, 293 S.W. 1031, 1033. This case makes it clear, also, that the fact that the exception in § 10 of the Reconstruction Finance Corporation Act authorizes state "taxation" of "real property of the corporation * * * to the same extent according to its value as other real property is taxed" does not control the meaning of the word "taxation." In that case the legislature had provided that the preliminary expenses in case of the abandonment of a proposed drainage district should be paid (as in the present case) by an assessment based upon a percentage of the value of the real estate in the district as assessed for state and county purposes as shown by the assessment roll. The court observed that this was a legislative determination of a just basis for assessing benefits, citing Missouri Pacific Ry. Co. v. Sears, 166 Ark. 104, 265 S.W. 653, and Western Crawford Road Imp. Dist. v. Missouri Pacific Ry. Co., 157 Ark. 304, 248 S.W. 563. And in Alexander v. Board of Crawford County Levee District, 97 Ark. 322, 134 S.W. 618, 621, the Court said: "We have never held, nor are we aware that any other court has ever held, that assessments for local improvements may be assessed according to value as such, but such assessments are always sustained distinctly upon the assumption that the benefits will accrue in proportion to such value, and that, after all, this is only a method of assessing the benefits." See, also, Webster v. Fargo, 181 U.S. 394, 21 S.Ct. 623, 45 L.Ed. 912.

Thus it is manifest that an assessment to procure funds to pay for a local improvement is a contribution exacted from the owner of property within the improvement district for benefits resulting from the particular improvement, no matter how measured, and not a tax within the meaning of that term as used in Federal statutes. Congress, it is true, might consent to such "taxation" of Federal instrumentalities, but such a grant should clearly and unequivocally confer the privilege. 51 Am.Jur., Taxation § 63; Mullen Benevolent Corp. v. United States, 290 U.S. 89, 54 S.Ct. 38, 78 L.Ed. 192. The case of Memphis & Charleston Ry. Co. v. Pace, 282 U.S. 241, 51 S.Ct. 108, 75 L.Ed. 315, 72 A.L.R. 1096, has been cited as holding to the contrary. There a tax was laid to pay bonds issued to pay for public roads. The tax was laid upon all taxable property, both real and personal, upon an ad valorem basis. The objection to the tax did not involve the questions presented here. It was assailed by the railway company as invalid under the due process and equal protection clauses of the Fourteenth Amendment to the Constitution. The Court held that the complaint was not tenable.

Consequently we think it is clear that the word "taxation" as used in § 10 of the Reconstruction Finance Corporation Act does not include benefit assessments for local improvements.

Other questions are argued in the briefs, but since we have reached the conclusion that Congress is not shown to have consented to the imposition, under state authority, of special assessments in any form for local improvements upon the property of the Reconstruction Finance Corporation, all other questions raised in argument are consequently irrelevant.

The judgment appealed from is for the foregoing reasons.

Affirmed.