UNITED STATES of America, Plaintiff,

v.

COUNTY OF SAN DIEGO, Defendant.

Civ. No. 3345–SD–K.

United States District Court
S. D. California, S. D.

Feb. 1, 1966.

Manuel L. Real, U. S. Atty., by Donald M. Fenmore, Asst. U. S. Atty., Los Angeles, Cal., William Massar, Atty., Dept. of Justice, Washington, D. C., for plaintiff.

Bertram McLees, Jr., County Counsel, San Diego County, by Leland Featherman, Deputy County Counsel, San Diego, Cal., for defendant.

KUNZEL, District Judge.

This case presents the question of whether or not a local government can levy a tax on personal property held by an agency of the United States Government absent express congressional authorization. The holding is that this cannot be done.

Pursuant to the authority granted to the Commissioner of the Federal Housing Administration (hereinafter F.H.A.) by the National Housing Act, 12 U.S.C.A. §§ 1701–50, the Commissioner acquired certain housing projects located in San Diego County through foreclosure proceedings. This ownership embraced real property and personal property used in the operation of the real property. The defendant, relying on the interpretation of 12 U.S.C.A. § 1714 by State ex rel. Ferguson v. Donnell, 349 Mo. 975, 163 S.W.2d 940 (1942), levied a tax on the personal as well as the real property owned by the Commissioner during the 1963 fiscal year. The F.H.A. paid only the tax on the real property. Subsequently, the county sold the housing projects because of the refusal to pay the

assessment levied on the personal property. The county refunded all real property taxes paid by the F.H.A. Shortly thereafter, the F.H.A. redeemed the subject property by payment of the alleged delinquent taxes assessed on the personal property, plus penalties and costs, and repaid the real property taxes.

The United States seeks to recover the amounts paid as personal property taxes, costs, and penalties related to the alleged delinquency of these taxes. Both parties have moved for summary judgment pursuant to rule 56 of the Federal Rules of Civil Procedure.

The Government contends that, since the F.H.A. is an instrumentality of the United States, its property is subject to local taxation only if Congress has so authorized. Defendant contends that 12 U.S.C.A. § 1714, as construed by the Missouri Supreme Court, authorized the taxes and penalties in controversy. The section provides:

> "Nothing in this subchapter shall be construed to exempt any real property acquired and held by the Commissioner under this subchapter from taxation by any State or political subdivision thereof, to the same extent, according to its value, as other real property is taxed."

Although the statute evidences congressional consent to the taxation of real property, it is silent as to taxation of personal property. Nevertheless, the court in Ferguson, supra, held that the statute in question *implies* that a state tax on personal property is valid. The court reached this result by declaring that the Commissioner can hold personal property if it is necessary to the management of the real property. Then by using a rule of statutory interpretation, that a given power impliedly embraces all powers necessary to effectuate the given power, although those necessary powers are not expressly stated, the court upheld the tax.

Ferguson, supra, is squarely in point with the instant case. However, with all due respect to that court, this court cannot follow the decision. The *Ferguson* case is an isolated case; it has never been cited or quoted.

■ It is clear that the United States is exempt from local taxation unless Congress affirmatively provides otherwise. That doctrine is treated as axiomatic. It was first enunciated in McCulloch v. Maryland, 17 U.S. (4 Wheat.) 316, 4 L.Ed. 579 (1819), and it has been consistently followed. E. g., United States v. Allegheny County, 322 U.S. 174, 64 S.Ct. 908, 88 L.Ed. 1209 (1944); Mayo v. United States, 319 U.S. 441, 448, 63 S.Ct. 1137, 87 L.Ed. 1504 (1943); Penn Dairies v. Milk Control Comm., 318 U.S. 261, 269, 63 S.Ct. 617, 87 L.Ed. 748 (1943).

■■ The fact that the title to property is held by a government instrumentality rather than the Government itself does not change the doctrine. See City of New Brunswick v. United States, 276 U.S. 547, 48 S.Ct. 371, 72 L.Ed. 693 (1928); United States v. City of Milwaukee, 140 F.2d 286, 288 (7th Cir. 1944), cert. denied, 322 U.S. 735, 64 S.Ct. 1047, 88 L.Ed. 1568 (1944). Since the F.H.A. is an instrumentality of the United States, United States v. McNinch, 356 U.S. 595, 78 S.Ct. 950, 2 L.Ed.2d 1001 (1958), its property is immune from local taxation unless Congress provides otherwise.

■ Where the property in question is owned by the United States, the burden is on the taxing authority to show that the property is not immune from taxation. See Jefferson County v. United States, 164 F.2d 184 (5th Cir. 1947).

In talking of congressional consent or waiver in taxation matters, the courts speak in terms of an *express* or *affirmative* waiver. For example, see Mayo v. United States, supra; United States v. Board of Comm'rs, 145 F.2d 329 (10th Cir. 1944), cert. denied, 323 U.S. 804, 65 S.Ct. 563, 89 L.Ed. 641 (1945). Indeed, it has been held that a clear congressional mandate is required before an instrumentality of the Government can be subjected to taxation.

Kern-Limerick Inc. v. Scurlock, 347 U.S. 110, 122, 74 S.Ct. 403, 98 L.Ed. 546 (1954); Board of Directors v. Reconstruction Finance Corp., 170 F.2d 430 (8th Cir. 1948). Every well-grounded doubt on the subject should be resolved in favor of the immunity, Austin v. Board of Aldermen, 74 U.S. (7 Wall.) 694, 19 L.Ed. 224 (1869); Board of Directors v. Reconstruction Finance Corp., supra, and a waiver of tax immunity should be strictly construed. United States v. New York Rayon Importing Co., 329 U.S. 654, 658, 67 S.Ct. 601, 91 L.Ed. 577 (1947); Oklahoma ex rel. Oklahoma Tax Comm. v. Barnsdale Refineries, Inc., 296 U.S. 521, 56 S.Ct. 340, 80 L.Ed. 366 (1936); Missouri Pacific R.R. v. Ault, 256 U.S. 554, 563, 41 S.Ct. 593, 65 L.Ed. 1087 (1921). The exemption of federal instrumentalities from taxation by local governments may be waived wholly or with such limitations as Congress may decree. Austin v. Board of Aldermen, supra. It is clear that Congress has limited the waiver to the exemption of property owned by the F.H.A. Title 12 U.S.C.A. § 1714 affirmatively and unequivocally consents to local taxation of *real property*. Congress did not consent in a like manner to personal property taxation by a local government.

If any inference is to be drawn from the express statutory language, it is that Congress wanted the personal property of the F.H.A. to retain its immunity from local taxation. It did not consent to the taxation of "property," and therefore, by implication, did not mean real and personal, nor did it mention personal property. The distinction between these two types of property is too well known; therefore it cannot be said that Congress meant personal as well as real property when it only mentioned the latter.

The interpretation of two other codifications of congressional consent to taxation of property owned by federal instrumentalities also precludes the Ferguson result. Title 15 U.S.C.A. § 607, after providing that the Reconstruction Finance Corporation shall be exempt from all taxation by any local taxing authority, provides in part, "except that any real property of the Corporation shall be subject to special assessments for local improvements and shall be subject to * * *. taxation to the same extent according to its value as other real property is taxed." Under this statute it has been held that any attempt to tax personal property of the Reconstruction Finance Corporation would be unlawful. Port Neches Independent School District v. Reconstruction Finance Corp., 121 F. Supp. 561 (E.D.Tex.1954); United States v. Lewis, 10 F.Supp. 471, 474 (W.D. Ky.1935); City of Clifton v. State Board of Tax Appeals, 126 N.J.L. 205, 17 A.2d 476 (1941).

A similar consent to taxation of real property owned by the Commodity Credit Corporation is in 15 U.S.C.A. § 713a–5. That statute has been construed to consent to the taxation of personal property attached to the realty if the personal property, although removable from the realty, is under state law declared to be realty for tax purposes. Reconstruction Finance Corp. v. Beaver County, 328 U.S. 204, 66 S.Ct. 992, 90 L.Ed. 1172 (1946); United States v. Mays, 264 F.2d 317, 321 (10th Cir. 1959). No claim is made by the defendant here that the personal property taxed is considered to be realty under state law.

Taking into account rules of statutory interpretation and the holdings of cases in analogous areas, this court is dissuaded from following the rule in State ex rel. Ferguson v. Donnell, supra. The doctrine of sovereign immunity is so embedded in constitutional history and practice that this court cannot subject the Government or its official instrumentalities to local taxation without an unequivocal and affirmative consent by Congress. This consent has not been shown.

The second issue in this case concerns whether or not the amount assessed the United States over and above the alleged delinquent tax is a penalty or merely a part of the tax. However, this issue is

now moot because of the court's disposition of the first issue.

For reasons herein stated, plaintiff's motion for summary judgment is granted and defendant's motion is denied.