**FEDERAL RESERVE BANK OF ST. LOUIS, a United States Corporation, Appellant,**

**v.**

**METROCENTRE IMPROVEMENT DISTRICT # 1, CITY OF LITTLE ROCK, ARKANSAS, Appellee.**

**No. 80–1649.**

United States Court of Appeals, Eighth Circuit.

Submitted April 15, 1981.

Decided Aug. 11, 1981.

---

W. S. Miller, Jr., Eichenbaum, Scott, Miller, Crockett, Darr & Hawk, P. A., Little Rock, Ark., Joan P. Cronin, Asst. Gen. Counsel, St. Louis, Mo., for appellant.

Gus B. Walton, Jr., Little Rock, Ark., Wright, Lindsey & Jennings, Little Rock, Ark., for appellee.

Before HEANEY, STEPHENSON and McMILLIAN, Circuit Judges.

STEPHENSON, Circuit Judge.

The city of Little Rock, Arkansas, formed the Metrocentre Improvement District No.

1 (District) which is a Central Business Improvement District for downtown Little Rock. The Federal Reserve Bank of St. Louis (Bank) holds title to lots 1–10 of Block 94 in Little Rock, all of which are located within the Improvement District. The District assessed the Bank an annual fee of $12,854 payable from 1977 through 2002 inclusive. The Bank refused to pay the special assessment and filed suit seeking (1) a declaratory judgment that it is exempt from such assessments; (2) an order directing that defendant remove any existing assessments against the Bank; and (3) an injunction restraining Metrocentre from making further assessments and from instituting any legal action to recover past assessments. The district court[1] found first, that the Bank was not exempt because the Bank was not an agency or instrumentality of the federal government for the purpose of the special assessment. Second, it held that the exemption from taxes granted the Bank by 12 U.S.C. § 531 does not relieve the Bank from paying special assessments. *Federal Reserve Bank v. Metrocentre Improvement District*, 492 F.Supp. 353, 359 (E.D.Ark.1980). We reverse the district court.

 The first question we must face is whether the district court erred in finding the Bank is not an agency or instrumentality of the federal government for purposes of tax immunity. It is a well-established doctrine that federal agencies or instrumentalities are immune from special assessments by state and local governments. *United States v. City of Adair*, 539 F.2d 1185, 1188 (8th Cir. 1976), *cert. denied*, 429 U.S. 1121, 97 S.Ct. 1157, 51 L.Ed.2d 571 (1977); *Board of Directors v. Reconstruction Finance Corp.*, 170 F.2d 430, 431 (8th Cir. 1948). *See McCulloch v. Maryland*, 17 U.S. (4 Wheaton) 316, 425–35, 4 L.Ed. 579 (1819). Therefore, if the Bank can be construed as such an entity, its immunity from the assessment in the present case is established.

 It has long been recognized that a governmental instrumentality is one that performs an important governmental function. *Federal Land Bank v. Bismarck Lumber Co.*, 314 U.S. 95, 102, 62 S.Ct. 1, 5, 86 L.Ed. 65 (1941); *Federal Land Bank v. Priddy*, 295 U.S. 229, 231, 55 S.Ct. 705, 706, 79 L.Ed. 1408 (1935); *Rust v. Johnson*, 597 F.2d 174, 178 (9th Cir.), *cert. denied*, 444 U.S. 964, 100 S.Ct. 450, 62 L.Ed.2d 376 (1979).[2]

Appellant argues that federal reserve banks perform such functions. In spite of their independent status, they conduct important governmental functions regarding the issuance of currency, general fiscal duties of the United States, and, in general, regulate the financial structure, either directly or indirectly, of both federal and state banks.[3]

1. The Honorable Elsijane T. Roy, United States District Judge for the Eastern District of Arkansas.

2. Appellees argue that the test recognized in Federal Tort Claims Act cases should be applied here. That test is based on whether the federal government dictates the "detailed physical performance" of the corporation. *United States v. Orleans*, 425 U.S. 807, 814, 96 S.Ct. 1971, 1976, 48 L.Ed.2d 390 (1976); *Logue v. United States*, 412 U.S. 521, 528, 93 S.Ct. 2215, 2219, 37 L.Ed.2d 121 (1973). However, because of other policy considerations, the test is different when determining whether an entity is an agency or instrumentality for purposes of the F.T.C.A. than for purposes of taxation. *Federal Land Bank v. Priddy*, 295 U.S. 229, 235, 55 S.Ct. 705, 708, 79 L.Ed. 1408 (1935). Therefore we hold the F.T.C.A. test is not dispositive.

Appellees also argue that the Bank is not an instrumentality under the test of *United States v. Boyd*, 378 U.S. 39, 48, 84 S.Ct. 1518, 1524, 12 L.Ed.2d 713 (1964), which states that the corporation must have become "so incorporated into the government structure as to become [an] instrumentalit[y] of the United States * * *" in order to enjoy governmental immunity. They argue that because of the Bank's independence, it cannot be deemed to be an instrumentality. We disagree. The Bank is performing such an important governmental function that in spite of great independence it must still be considered to be an instrumentality of the federal government.

3. Some of the powers of the federal reserve bank include the following:
 (a) It can create new currency, by issuing its own notes. 12 U.S.C. § 392;
 (b) It can establish discount and advance rates to be charged to depository institutions

Many types of federally chartered financial institutions, whose link to the federal government is more attenuated than the federal reserve banks, have been held to be instrumentalities of the federal government. These institutions include national banks, *First Agricultural National Bank v. State Tax Commission*, 392 U.S. 339, 340–43, 88 S.Ct. 2173, 2174–76, 20 L.Ed.2d 1138 (1968); *Owensboro National Bank v. Owensboro*, 173 U.S. 664, 668, 19 S.Ct. 537, 538, 43 L.Ed. 850 (1899); national farm loan associations, *Knox National Farm Loan Assn. v. Phillips*, 300 U.S. 194, 202, 57 S.Ct. 418, 422, 81 L.Ed. 599 (1937); and federal land banks, *Federal Land Bank v. Bismarck Lumber Co., supra*, 314 U.S. at 102, 62 S.Ct. at 5; *Federal Land Bank v. Priddy, supra*, 295 U.S. at 231, 55 S.Ct. at 706.

■ In light of the important governmental functions performed by the federal reserve banks and the United States Supreme Court's willingness to hold that financial institutions performing even fewer governmental functions are federal instrumentalities, we hold that the federal reserve banks are instrumentalities of the federal government. Our holding is consistent with other circuits that have faced this question. *Federal Reserve Bank v. City of Memphis*, 515 F.Supp. 63 (W.D. Tenn., 1979), *aff'd*, 649 F.2d 462 (6th Cir. 1981); *Federal Reserve Bank v. Kalin*, 77 F.2d 50, 51 (4th Cir. 1935); *Raichle v. Federal Reserve Bank*, 34 F.2d 910, 916 (2d Cir. 1929).

More important, in 12 U.S.C. § 531, Congress specifically provided that federal reserve banks enjoy immunity from state and local taxation except taxes upon real estate. The statute provides:

> Federal reserve banks, including the capital stock and surplus therein and the income derived therefrom, shall be exempt from Federal, State and local taxation, except taxes upon real estate.

*Id.*

This brings us to the second issue in the case; whether the special assessment qualifies as a real estate tax under 12 U.S.C. § 531. If it does, then even though the bank is exempt as an instrumentality, Congress may have subjected the bank to the tax by specifically waiving the exemption.

■ We have held that where there is federal immunity from taxation, Congress must express a clear, express, and affirmative desire to waive that exemption. *United States v. City of Adair, supra*, 539 F.2d at 1189. Furthermore, where a statute waives the exemption for "real estate taxes," that waiver alone will not extend to special assessments. *Illinois Central R.R. v. Decatur*, 147 U.S. 190, 198–209, 13 S.Ct. 293, 294–298, 37 L.Ed. 132 (1893); *United States v. City of Adair, supra*, 539 F.2d at 1189; *Board of Directors v. Reconstruction Finance Corp., supra*, 170 F.2d at 431.

■ In the *Adair* case, we held that the property of the Commodity Credit Corporation was immune from a special assessment levied by the city of Adair, Iowa, against real property of the C.C.C. The C.C.C. was found to be a federal instrumentality and that it was exempt from local taxation even though there was a statute similar to 12 U.S.C. § 531 waiving the exemption for real estate taxes. *United States v. City of Adair, supra*, 539 F.2d at 1189–90. In light of the similarities in the cases, we are persuaded that the holding in the *Adair* case is controlling in the instant case.

■ In conclusion, we hold that the federal reserve bank is a federal instrumentality and therefore enjoys an immunity from

---

having transaction accounts or nonpersonal time deposits, and it can make advances and loans to institutions. 12 U.S.C. § 347a, 357;

(c) It acts as fiscal agent of the United States. 12 U.S.C. § 391;

(d) It performs services formerly performed by the Assistant Treasurer of the United States. 31 U.S.C. §§ 476, 478;

(e) It participates in open market activities as directed by the Federal Open Market Committee. 12 U.S.C. § 263;

(f) It examines state chartered banks which are members of the Federal Reserve System. 12 U.S.C. § 325;

(g) It performs certain other delegated functions at the direction of the Board of Governors. 12 C.F.R. § 265, 2(f).

state and local taxation unless waived by Congress.[4] We further hold that the waiver of immunity from real estate taxes under 12 U.S.C. § 531 does not extend to special assessments.

Reversed and remanded for further proceedings consistent herewith.

---

**4.** Since congressional waiver of immunity is required, the failure of the Bank to timely contest the assessment does not affect the result. *See Department of Employment v. United* *States*, 385 U.S. 355, 359, 87 S.Ct. 464, 467, 17 L.Ed.2d 414 (1966); *Reconstruction Finance Corp. v. Texas*, 229 F.2d 9, 11 (5th Cir. 1956).