DUPLANTIER, Senior District Judge:
Appellees, four Production Credit Associations (PCAs), brought suit in the United States District Court for the Eastern District of Arkansas against the State of Arkansas, seeking a declaratory judgment that they are exempt from state sales and income taxation and for an injunction prohibiting the state from imposing such taxes. The PCAs moved for summary judgment on the ground that there was no genuine issue of material fact with respect to the issue of whether they were immune from state sales and income taxation because PCAs are statutorily declared instrumentalities of the United States and, absent express Congressional waiver, are entitled to immunity from such state taxation.
The state responded that Congressional declaration of PCAs as federal instrumentalities was insufficient to confer tax immunity and that waiver of immunity should be implied. The state further argued that it was necessary to make a factual inquiry into the governmental nature of PCAs in order to determine whether they are federal instru-mentalities immune from state taxation. The District Court agreed with the PCAs and granted their motion for summary judgment.
We review the district court’s grant of summary judgment de novo, and apply the same standard as applied by the district court. Langley v. Allstate Ins. Co., 995 F.2d 841, 844 (8th Cir.1993). Summary Judgment is appropriate if the record, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552-2553, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986); Langley, 995 F.2d at 844.
I. PCAs: Federal Instrumentalities Immune from State Taxation Absent Congressional Waiver
Production credit associations are expressly termed federal “instrumentalities” in relevant statutes[1] and case law[2]. Arkansas *963 concedes that PCAs are federal instrumen-talities, but contends that PCAs resemble private corporations, and that the structure and objectives of the PCAs within the farm credit system indicate that their connection to the federal government is not so close as to confer upon them immunity from state taxation.
Arkansas relies upon United States v. New Mexico to support its contention that federal instrumentalities like PCAs do not implicitly merit federal immunity from state taxation. Arkansas contends that New Mexico dictates that federal instrumentalities like PCAs are immune from state taxation only if, like government contractors, they are so closely connected to the Government that they “stand in the Government’s shoes.”[3] Arkansas thus argues that the district court’s grant of summary judgment was erroneous; Arkansas should have the opportunity to present factual evidence concerning the function, control, ownership, and operation of the PCAs. We disagree.
Beginning with M’Culloch v. State of Maryland, 4 Wheat. 316, 4 L.Ed. 579 (1819), the Supreme Court has repeatedly [4] held that because of the Supremacy Clause of the United States Constitution, states have no power to tax federally created instrumentalities absent Congressional authorization. “[T]he states have no power, by taxation or otherwise, to retard, impede, burden, or in any manner control, the operations of the constitutional laws enacted by congress to carry into execution the powers vested in the general government. This is, we think, the unavoidable consequence of that supremacy which the constitution has declared.” Id. at 436, 4 L.Ed. 579.
The proprietary functions and other attributes of the PCAs have no bearing on their status as federal instrumentalities immune from state taxation. The Supreme Court has made it clear that “the Federal Government performs no ‘proprietary’ functions. If the enabling Act is constitutional and if the instrumentality’s activity is within the authority granted by the Act, a governmental function is being performed.” Federal Land Bank of Wichita v. Bd. of County Comm’rs, 368 U.S. 146, 150-51, 82 S.Ct. 282, 286, 7 L.Ed.2d 199 (1961) (citing Federal Land Bank v. Bismarck Lumber Co., 314 U.S. 95, 102, 62 S.Ct. 1, 5, 86 L.Ed. 65 (1941)). Arkansas makes no claim that the PCAs or their activities are unconstitutional. Thus, no further review or factual development of the PCAs’ functions or objectives is necessary.
Arkansas incorrectly contends that the reasoning of United States v. New Mexico applies to PCAs. 455 U.S. 720, 102 S.Ct. 1373, 71 L.Ed.2d 580 (1982). In New Mexico, the Supreme Court clarified the test for determining which government contractors merit immunity from state taxation[5]. The Court granted certiorari solely “to consider the seemingly intractable problems posed by state taxation of federal contractors.” 455 U.S. at 730, 102 S.Ct. at 1380. The Court thus considered and discussed the objectives, functions, and ownership of the contractors in light of the clarified standard after concluding that the contractors were not “instru-mentalities” of the United States[6]. Id. at *964 739-40, 102 S.Ct. at 1385-86. By contrast, PCAs are federal instrumentalities, clearly designated as such by federal statutes. Thus New Mexico is readily distinguishable as applicable to tax immunity cases involving federal contractors, not Congressionally created federal instrumentalities like PCAs[7]. Indeed, in New Mexico, the Court reaffirmed the rule that federal instrumentalities are exempt from state taxation[8].
II. Congress Made No Express Waiver of the PCAs’ Tax Immunity.
In order to subject federal instrumentalities such as PCAs to state taxation, Congress must enact a clear waiver of their exemption. Department of Employment v. United States, 385 U.S. 355, 360, 87 S.Ct. 464, 467, 17 L.Ed.2d 414 (1966). “[W]here there is federal immunity from taxation, Congress must express a clear, express, and affirmative desire to waive that exemption.” Federal Reserve Bank of St. Louis v. Metrocentre Improvement Dist. # 1, 657 F.2d 183, 186 (8th Cir.1981) (citing United States v. City of Adair, 539 F.2d 1185, 1189 (8th Cir.1976), cert. denied, 429 U.S. 1121, 97 S.Ct. 1157, 51 L.Ed.2d 571 (1977)), aff'd, 455 U.S. 995, 102 S.Ct. 1625, 71 L.Ed.2d 857 (1982). The only congressional enactment which currently deals with state taxation of PCAs states that all notes, debentures, and other obligations of the associations are exempt from state taxes. 12 U.S.C. § 2077 (quoted in full, supra). Prior versions of statutes dealing with taxation of PCAs expressly exempted their “capital, reserves, surplus, and other funds, and their income.” Farm Credit Act of 1971, Pub.L. No. 92-181, § 2.17, 85 Stat. 583, 602 (1971); Farm Credit Act of 1933, Pub.L. No. 73-75, § 63, 48 Stat. 257, 267 (1933). Arkansas contends that because the current statutory provision no longer contains such additional express waiver language, Congress has waived the PCAs’ exemption. The converse can be argued with greater force: the current version of § 2077 acknowledges that because of the Supremacy Clause express exemption of the PCAs from state taxation in the earlier statutes constituted unnecessary surplus language. Where Congress is silent, the tax immunity of federal instrumentalities from state taxation is implied. See Graves v. New York ex rel. O’Keefe, 306 U.S. 466, 480, 59 S.Ct. 595, 598, 83 L.Ed. 927 (1939).
There is no provision in any statute, including 12 U.S.C. § 2077, which indicates an intent on the part of Congress to waive the PCAs’ tax immunity as federal instrumentalities. Therefore, the PCA’s, as instrumentalities of the United States, are immune to state taxation, and we affirm the district court’s judgment to that effect.

. The statute regarding taxation of production credit associations expressly designates them "instrumentalities” of the United States. In full, 12 U.S.C. § 2077 states:
Each production credit association and its obligations are instrumentalities of the United States and as such any and all notes, debentures, and other obligations issued by such associations shall be exempt, both as to principal and interest, from all taxation (except surtaxes, estate, inheritance, and gift taxes) now or hereafter imposed by the United States or any State, territorial, or local taxing authority, except that interest on such obligations shall be subject to Federal income taxation in the hands of the holder.

. "The PCA is an instrumentality of the United States. 12 U.S.C. § 2091 (1982).” Rohweder v. Aberdeen Prod. Credit Assoc., 765 F.2d 109, 113 (8th Cir.1985); see Schlake v. Beatrice Prod. Credit Assoc., 596 F.2d 278, 281 (8th Cir.1979).

. See infra note 5.

. See, e.g., United States v. State Tax Comm'n of Miss., 421 U.S. 599, 605, 95 S.Ct. 1872, 1876, 44 L.Ed.2d 404 (1975); First Agric. Nat. Bank v. State Tax Comm’n, 392 U.S. 339, 340, 88 S.Ct. 2173, 2174, 20 L.Ed.2d 1138 (1968), Department of Employment v. United States, 385 U.S. 355, 360, 87 S.Ct. 464, 467, 17 L.Ed.2d 414 (1966); see also United States v. City of Columbia, 914 F.2d 151, 153 (8th Cir.1990).

. For such government contractors, "tax immunity is appropriate in only one circumstance: when the levy falls on the United States itself, or on an agency or instrumentality so closely connected to the Government that the two cannot realistically be viewed as separate entities, at least insofar as the activity being taxed is concerned." 455 U.S. at 735, 102 S.Ct. at 1383. In other words, "to resist the State’s taxing power, a private taxpayer must actually ‘stand in the Government's shoes.' ” Id. at 736, 102 S.Ct. at 1383. (citing City of Detroit v. Murray Corp., 355 U.S. 489, 503, 78 S.Ct. 486, 491, 2 L.Ed.2d 441 (1958)).

.The Court also noted that the United States, the party seeking the declaratory judgment that certain advanced funding to the contractors was not taxable by New Mexico, did not claim that the contractors were federal instrumentalities. Id. at 725, 102 S.Ct. at 1378.

. The Ninth Circuit has also distinguished New Mexico for similar reasons, noting that the case applied to “mere private contractor[s]," and not to a “United States instrumentality" like the American National Red Cross. United States v. City of Spokane, 918 F.2d 84, 87 (9th Cir.1990), cert. denied, 501 U.S. 1250, 111 S.Ct. 2888, 115 L.Ed.2d 1053 (1991).

. The Court began its explanation of federal tax immunity with the "one constant” in the discussion: "a State may not, consistent with the Supremacy Clause, U.S. Const., Art. VI, cl. 2, lay a tax "directly upon the United States." Id. at 733, 102 S.Ct. at 1382 (citing Mayo v. United States, 319 U.S. 441, 447, 63 S.Ct. 1137, 1140, 87 L.Ed. 1504 (1943)). The Court also quoted an earlier case which stated that if government contractors became "so incorporated into the government structure as to become instrumentalities of the United States,” they would "thus enjoy governmental immunity." Id. at 736, 102 S.Ct. at 1384 (quoting United States v. Boyd, 378 U.S. 39, 48, 84 S.Ct. 1518, 1524, 12 L.Ed.2d 713 (1964)).